UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CURTIS WAYNE COWAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:02-cr-143 |
| | ) | 3:13-cv-317 |
| | ) | *Judge Jordan* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Curtis Wayne Cowan ("petitioner") with the assistance of counsel. For the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, the motion will be **DENIED** as time-barred, and this action will be **DISMISSED**.

Petitioner pleaded guilty to aiding and abetting in the possession with intent to distribute in excess of five grams of crack cocaine. By judgment entered July 28, 2004, he was sentenced to a term of imprisonment of 180 months. Petitioner did not appeal. On August 31, 2009, pursuant to the government's motion, the sentence was reduced to a term of imprisonment of 144 months. Petitioner filed his § 2255 motion on June 6, 2013.

Section 2255 provides for a one-year statute of limitation within which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). It is clear that petitioner's § 2255 motion was filed more than one year after his judgment of conviction became final. Nevertheless, petitioner contends that he is entitled to relief based upon the recent decision in *United States v. Blewett*, --- F. 3d ---, 2013 WL 2121945 at *1 (6th Cir. May 17, 2013) (petition for en banc review pending), in which the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause.

A § 2255 motion may be filed after the expiration of the general one-year statute of limitation if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). By the very terms of the statute, only Supreme Court decisions are counted for purposes of starting a new limitations period under subsection (3). *Blewett* fails to satisfy this criteria because the opinion was issued by the Sixth Circuit and not the Supreme Court. Accordingly, the § 2255 motion is barred by the statute of limitation and will be denied on that basis. *See Taylor v. United States*, No. 11-6015, 2013 WL 1188988 at *1 (6th Cir. March 22, 2013) (unpublished opinion) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may sua sponte dismiss a motion as barred by the applicable one-year statute of limitations.").

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                   s/ Leon Jordan
                                        United States District Judge